UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DHRINESH PRASAD,

                    Petitioner,

   v.

CLARK COUNTY DISTRICT COURT,
STATE OF WASHINGTON,

                    Respondent.

No. C10-5537 RJB/KLS

**REPORT AND RECOMMENDATION**
**Noted for:  September 24, 2010**

This habeas action has been referred to the undersigned United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  Petitioner, Dhrinesh Prasad is a federal inmate currently incarcerated at the Federal Detention Center in Seatac, Washington.  Dkt. 3, p. 2.  On August 2, 2010, he filed a petition for writ of mandamus.  After reviewing the petition, the undersigned recommends that the action be dismissed with prejudice prior to service because the court does not have jurisdiction to grant the relief sought by Mr. Prasad.

**BACKGROUND**

Mr. Prasad alleges that he has filed two demands for speedy trial with the Clark County District Court, but he was advised that he must appear in person to clear his warrant.  Dkt. 3, p. 2.  Mr. Prasad requests that this Court order the District Court of Clark County to honor his speedy trial rights and to dismiss and withdraw the warrant that currently interferes with his incarceration.  *Id.*, pp. 3-4.

REPORT AND RECOMMENDATION - 1

**DISCUSSION**

A complaint is legally frivolous when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *See Bell Atlantic, Corp. v. Twombly*, 540 U.S. 544, 127 S.Ct. 1955, 1965 (2007)(citations omitted). In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id*. at 1974.

The court must construe the pleading in the light most favorable to plaintiff and resolve all doubts in plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Unless it is absolutely clear that amendment would be futile, however, a pro se litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

In this case, Mr. Prasad seeks to compel this court to issue orders directing a Clark County District Court to take certain action regarding his speedy trial rights and warrant.

The federal mandamus statute provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or an agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus is an extraordinary remedy. *Barron v. Reich*, 13 F.3d 1370, 1374 (9th Cir. 1994). A

REPORT AND RECOMMENDATION - 2

writ of mandamus is appropriately used only when (1) the petitioner's claim is "clear and certain"; (2) the respondent official's duty to act is ministerial and (3) no other adequate remedy is available. *Id*. (citing *Fallini v. Hodel*, 783 F.2d 1343, 1345 (9th Cir. 1986)).

The extraordinary remedy of mandamus is not appropriate to compel the type of relief sought by Petitioner in this lawsuit. The district court does not have jurisdiction to issue a writ of mandamus to state officers. *Demos v. United States Dist. Court for E. Dist. Of Wash.*, 925 F.2d 1160, 1161 (9th Cir. 1991). It does not appear this defect can be cured and dismissal prior to service is therefore appropriate. *Franklin v. State of Oregon, State Welfare Division*, 662 F.2d 1337 (9th Cir. 1981).

## CONCLUSION

The petition should be dismissed with prejudice as the court does not have jurisdiction to issue a writ of mandamus to state officers.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **September 24, 2010**, as noted in the caption.

DATED this   30th   day of August, 2010.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3